[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 1, 2008
THOMAS K. KAHN
CLERK

No. 07-14491
Non-Argument Calendar

_____

D. C. Docket No. 07-00061-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRICK DEWITT PURIFOY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(February 1, 2008)**

Before BIRCH, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Defendant-appellant Derrick Dewitt Purifoy pleaded guilty to possession of

a firearm by a convicted felon, 18 U.S.C. § 922(g) and was sentenced to 120

month's imprisonment. According to the undisputed facts, following a traffic stop, Purifoy ran from police and hid in a trash dumpster. While pursuing Purifoy, police found a firearm on the ground. Once the police caught Purifoy and arrested him, they found two baggies of what they suspected to be marijuana in Purifoy's sock and over $1,300 in Purifoy's possession.

Using the 2006 manual, the probation officer assigned a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2), with a 4-level enhancement under § 2K2.1(b)(6) because Purifoy used or possessed the firearm in connection with another felony offense, that is, trafficking in marijuana. With the appropriate enhancements and reductions, the total adjusted offense level was 27. Purifoy's criminal history was VI, which resulted in a guidelines range of 130 to 162 months. Because the statutory maximum sentence for the offense was 120 months, however, the guidelines range was reduced to 120 months. U.S.S.G. § 5G1.1(a).

Purifoy objected, inter alia, to the enhancement under § 2K2.1(b)(6). The court concluded that the enhancement was appropriate because the facts of case were sufficient to conclude that Purifoy possessed the gun in connection with drug dealing. In light of the court's rulings in connection with Purifoy's other arguments, the total adjusted offense level was 25, which, when considered with the statutory maximum, resulted in a guidelines range of 110 to 120 months'

imprisonment. After considering the sentencing factors in 18 U.S.C. § 3553(a) and Purifoy's lengthy criminal history, the court sentenced Purifoy to the statutory maximum. The court explained: "the sentence would be the same regardless of the court's rulings on the objections in the presentence report." Purifoy now appeals, arguing that the court improperly applied § 2K2.1(b)(6) because a higher standard of proof was required and the evidence was insufficient to show that he was involved in drug trafficking.

We review the district court's factual findings for clear error and the application of the Guidelines to those findings de novo. United States v. Massey, 443 F.3d 814, 818 (11th Cir. 2006). After Booker,[1] district courts must first correctly calculate the advisory sentencing range under the Guidelines, and then must determine a reasonable sentence in light of the factors listed in 18 U.S.C. § 3553(a).[2] United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Even if the court erred, we will affirm if the error was harmless. United States v. Paley, 442 F.3d 1273, 1276 (11th Cir. 2006). "A Guidelines miscalculation is harmless if

---

[1] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

[2] In Gall v. United States, 552 U.S. ----, 128 S.Ct. 586, --- L.Ed.2d ---- (2007), the Supreme Court made it clear that appellate courts must undertake a two-part process in reviewing the sentence imposed by the district court. First, the appellate court must determine whether or not the proper procedures were followed by the district court. Id. at 597. Second, "the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id.

the district court would have imposed the same sentence without the error. If the Guidelines calculation is correct, or if the miscalculation is harmless, [this court] consider[s] whether the sentence is reasonable." United States v. Williams, 456 F.3d 1353, 1360 (11th Cir. 2006), cert. dismissed, 127 S.Ct. 3040 (2007); see also United States v. Keene, 470 F.3d 1347, 1348-49 (11th Cir. 2006) (inviting district courts to indicate that they would reach the same sentence even if a guidelines calculation were incorrect if the court conducts an appropriate analysis of the § 3553(a) factors and noting such sentences would be upheld if on review, the sentence is reasonable).

Section 2K2.1(b)(6) instructs the court to increase the offense level "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6). As the commentary explains, subsection (b)(6) applies when "the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense or another offense, respectively." U.S.S.G. § 2K2.1, comment. (n.14(a)). Moreover, this subsection applies "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs . . . . In these cases, application . . . is warranted because the presence of the firearm has the potential of facilitating another felony offense or another offense, respectively." Id. comment. (n.14(b)).

Contrary to Purifoy's claim that the standard of proof should be higher, "[t]he government bears the burden of establishing by a preponderance of the evidence the facts necessary to support a sentencing enhancement." United States v. Askew, 193 F.3d 1181, 1183 (11th Cir. 1999). Here, the undisputed facts established that Purifoy possessed two baggies of marijuana in his shoe and more than $1,300 in cash at the time of his arrest. Purifoy also admitted that he possessed the firearm found in the proximity of his arrest. This evidence was sufficient for the court to conclude that the firearm was used in connection with drug dealing activities. Thus, the court properly applied the enhancement.

Even if the court erred, that error was harmless because the court indicated that it would impose the same sentence even if the enhancement was not included. See Keene, 470 F.3d at 1348-49; Williams, 456 F.3d at 1360. Moreover, the sentence imposed was reasonable. The court noted Purifoy's lengthy criminal history and the need to punish and deter. Accordingly, we conclude that the sentence imposed was reasonable and we AFFIRM.

**AFFIRMED.**