[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 10, 2008
THOMAS K. KAHN
CLERK

No. 07-15984
Non-Argument Calendar
_____

D. C. Docket No. 07-00084-CR-J-33-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES JEROME THOMAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 10, 2008)**

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Charles Jerome Thompson appeals his sentence of imprisonment for 52

months for possession of a firearm by a convicted felon. See 18 U.S.C. §§

922(g)(1), 942(a)(2). Thomas argues that the district court erred when it enhanced his sentence for possession of crack cocaine when he was arrested. Thomas also argues that his sentence was substantively unreasonable. We affirm.

We review the application of the guidelines de novo and findings of fact for clear error. United States v. Lee, 427 F.3d 881, 892 (11th Cir. 2005). The government must establish the facts necessary to support a sentencing enhancement by a preponderance of the evidence. United States v. Askew, 193 F.3d 1181, 1183 (11th Cir. 1999).

Thomas argues that the government did not prove by a preponderance of the evidence that the substance found in his pocket and backpack was crack cocaine. Thomas contends that the government did not establish that the field test used on the substance was reliable. Thomas's argument fails.

The government satisfied its burden of proving by a preponderance of the evidence that the substance was crack cocaine. See id. We do not require chemical analysis of potential controlled substances for identification to support a conviction. United States v. Baggett, 954 F.2d 674, 677 (11th Cir. 1992). We permit the government to identify a controlled substance by circumstantial evidence. Id. Because field testing is commonly used by law enforcement officers to identify drugs and is comparable to evidence used to identify

substances beyond a reasonable doubt, the district court did not clearly err when it found that the substance was, as determined by the field test, crack cocaine.

We review the substantive reasonableness of a sentence for an abuse of discretion. Gall v. United States, 552 U.S. ___, ___, 128 S. Ct. 586, 597 (2007). This review involves an examination of the totality of the circumstances, including an inquiry into whether the statutory factors, 18 U.S.C. § 3553(a), support the challenged sentence. Id. at ___, 128 S. Ct. at 597-600. We defer to the judgment of the district court in the weight given to the factors in section 3553(a) unless the district court has made "a clear error of judgment" and has imposed "a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. McBride, 511 F.3d 1293, 1297-98 (11th Cir. 2007) (citations omitted).

Thomas failed to establish that his sentence was substantively unreasonable. The sentence of 52 months is one month more than the minimum sentence under the advisory guideline range of 51 to 63 months. The district court weighed the factors in section 3553(a) and did not make any clear error of judgment. The district court reasonably determined that this sentence was not greater than necessary to achieve the statutory purposes of sentencing.

Thomas's sentence is **AFFIRMED**.