[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-13395
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 30, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00132-CR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BALAAM BENJAMIN GRINNAGE,
a.k.a. Bizo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(January 30, 2009)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Balaam Benjamin Grinnage appeals his 77-month sentence imposed

pursuant to his guilty plea on one count of felon in possession of a firearm, 18

U.S.C. §§ 922(g)(1) and 924(a)(2). On appeal, Grinnage argues that the district court erroneously applied a guidelines enhancement: (1) for engaging in the trafficking of firearms, because there is no evidence that he was informed that the individuals to whom he sold the firearms intended to use or dispose of them unlawfully; (2) for possessing a firearm in connection with the offense of distributing marijuana, because the undercover investigator entrapped Grinnage, and the government failed to show that he was predisposed to sell marijuana or carry a firearm while doing so; and (3) for using a minor to commit an offense, because the minor was actually using Grinnage, and the district court erroneously applied the term "use" in the guidelines. After careful review, we affirm.

"[We] review[] a District Court's interpretation of the Sentencing Guidelines de novo, and its factual findings for clear error." United States v. Vance, 494 F.3d 985, 994 (11th Cir. 2007). The government must establish the facts necessary to support a sentencing enhancement by a preponderance of the evidence. See United States v. Perez-Oliveros, 479 F.3d 779, 783 (11th Cir.), cert. denied, 127 S.Ct. 2964 (2007).

First, we find no merit to Grinnage's claim that the district court erroneously applied a guidelines enhancement for engaging in the trafficking of firearms. Where a defendant is convicted of a firearms possession offense, the guidelines

provide for a four-level enhancement "[i]f the defendant engaged in the trafficking of firearms[.]" U.S.S.G. § 2K2.1(b)(5). The application notes instruct that this enhancement applies where the defendant:

(i) Transported, transferred, or otherwise disposed of two or more firearms to another individual, or received two or more firearms with the intent to transport, transfer, or otherwise dispose of firearms to another individual; and

(ii) Knew or had reason to believe that such conduct would result in the transport, transfer, or disposal of a firearm to an individual --

(I) Whose possession or receipt of the firearm would be unlawful; or

(II) Who intended to use or dispose of the firearm unlawfully.

Id., comment. (n.13(A)).

In arguing that he does not qualify for the Section 2K2.1(b)(5) enhancement, Grinnage relies on United States v. Askew, 193 F.3d 1181 (11th Cir. 1999), which held that the enhancement did not apply because the district court clearly erred in finding that the defendant had reason to believe that the firearms would be used in another felony. However, Askew which involved an enhancement under former § 2K2.1(b)(5) for a defendant who "possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." See 193 F.3d at 1183-85. But the current § 2K2.1(b)(5) trafficking enhancement -- which is applicable to

3

Grinnage -- does not contain such a specific requirement that the defendant had reason to believe that the firearms would be used in another felony. Rather, it requires that a defendant (1) transfer two or more firearms to an individual, which Grinnage conceded that he did, (2) with knowledge or reason to believe that the individual "intended to use or dispose of the firearms unlawfully." See U.S.S.G. § 2K2.1, comment. (n.13(A)).

The record here shows, among other things, that an undercover investigator testified that he had told Grinnage about how the money from selling guns was spent on a tattoo parlor "to make it look legit," and there would have been no reason for the investigator to make the money "look legit" unless something illegal was occurring. The government thus established by a preponderance of the evidence that Grinnage had reason to believe that he was transferring firearms to individuals who intended to dispose of them unlawfully. Moreover, unlike Askew, where a police officer testified that some of the stolen guns were of the type used for hunting, see 193 F.3d at 1185, Grinnage points to nothing in the record suggesting that he had reason to believe that the tattoo parlor operators were somehow receiving money from lawful transactions with the guns that Grinnage sold them. Indeed, the trafficking enhancement here contains no such limitation on the transferee's intended disposition of the firearms, only that it be unlawful. See

4

U.S.S.G. § 2K2.1, comment. (n.13(A)(ii)(II)).  On this record, we conclude that the district court did not clearly err in finding that, based on the totality of the circumstances surrounding the firearms transactions, Grinnage had reason to believe that he was selling firearms to individuals who intended to dispose of them unlawfully, nor did it err in applying the § 2K2.1(b)(5) enhancement to Grinnage's sentence.

Next, we reject Grinnage's argument that the district court erroneously enhanced his guidelines range for possessing a firearm in connection with the offense of distributing marijuana.  The guidelines provide for a four-level enhancement "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense[.]"  U.S.S.G. § 2K2.1(b)(6).  The application notes instruct that this enhancement applies "if the firearm . . . facilitated, or had the potential of facilitating, another felony offense[.]"  Id., comment. (n.14(A)).  The application notes further provide that this enhancement applies "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia."  Id., comment. (n.14(B)).  We afford an "expansive interpretation" to the term "in connection with."  See United States v. Rhind, 289 F.3d 690, 695 (11th Cir. 2002) (analyzing the former § 2K2.1(b)(5) enhancement for possession of a firearm in

5

connection with another felony offense). "[I]n certain circumstances, mere possession of a firearm can be enough to apply a sentencing enhancement." United States v. Jackson, 276 F.3d 1231, 1234 (11th Cir. 2001).

We have made clear that we do not recognize a claim of sentencing entrapment, which focuses on a defendant's conduct and predisposition to commit an offense. See United States v. Ciszkowski, 492 F.3d 1264, 1270 (11th Cir. 2007). We have considered a claim of sentence factor manipulation, which focuses on the nature of the government's conduct. See id. "[S]entencing factor manipulation occurs when the government's manipulation of a sting operation . . . requires that the manipulation be filtered out of the sentencing calculus." Id. "[T]o bring sting operations within the ambit of sentencing factor manipulation, the government must engage in extraordinary misconduct." Id. at 1271.

Here, Grinnage does not contest, and in fact acknowledges, that he possessed a firearm while selling marijuana. Instead, his sole challenge on appeal is that the district court erred in applying the § 2K2.1(b)(6) enhancement because he was entrapped when the undercover investigator directed him to pick up the firearm and then orchestrated the drug sale. However, to the extent that he presents a claim of sentencing entrapment, which focuses on a defendant's conduct and predisposition to commit an offense, we do recognize it as a viable defense. See id. at 1270.

6

Moreover, to the extent Grinnage raises sentencing factor manipulation as a defense, he did not make the claim until his reply brief, and has thus abandoned the argument. See United States v. Jernigan, 341 F.3d 1273, 1284 n.8 (11th Cir. 2003); United States v. Magluta, 418 F.3d 1166, 1185-86 (11th Cir. 2005). But in any event, any action by the government was not so extraordinary to constitute sentencing manipulation. See Ciszkowski, 492 F.3d at 1270-71. We therefore conclude that the district court did not err in applying the enhancement for possessing a firearm in connection with another felony offense.

Finally, we are unpersuaded that the district court erroneously applied an enhancement for using a minor to commit the offense. The guidelines provide for a two-level enhancement "[i]f the defendant used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection of, or apprehension for, the offense[.]" U.S.S.G. § 3B1.4. The application notes provide that "'[u]sed or attempted to use' includes directing, commanding, encouraging, intimidating, counseling, training, procuring, recruiting, or soliciting." Id., comment. (n.1). We have held that "a § 3B1.4 adjustment is warranted only where the defendant takes some affirmative step to involve a minor in the commission of the criminal activity." United States v. Taber, 497 F.3d 1177, 1181 (11th Cir. 2007), cert. denied, 128 S.Ct. 949 (2008). We have also observed

7

that "[t]he unambiguous legislative design of section 3B1.4 is to protect minors as a class from being solicited, procured, recruited, counseled, encouraged, trained, directed, commanded, intimidated, or otherwise used to commit crime." United States v. McClain, 252 F.3d 1279, 1286 (11th Cir. 2001) (citations omitted, emphasis added).

As an initial matter, McClain supports the district court's conclusion that the definition of "used or attempted to use" in the commentary to Section 3B1.4 is not an exclusive list, but that some other means of using a minor to commit an offense could warrant the application of the enhancement. Moreover, the record clearly reflects that Grinnage could not have engaged in firearms transactions at the store without the minor's introduction, and as a result, the minor was not merely present or a mere participant with Grinnage. Further, that the minor may have used Grinnage to bolster his own image and reputation at the store does not mean that Grinnage did not also use the minor. As a result, while Grinnage did not involve the minor in the operation in general, the district court did not err in determining that Grinnage "used" the minor to commit the offense, and we affirm the district court's application of the Section 3B1.4 enhancement.

**AFFIRMED.**