19 F.3d 1434
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Martin CUMMINGS, Defendant-Appellant.
 No. 93-2037.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1994.
 
 Before: KENNEDY and GUY, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, Joseph Martin Cummings, appeals his sentence for possession of a firearm by a felon in violation of 18 U.S.C. Sec. 922(g)(1). Cummings argues that the district court improperly enhanced his sentence under U.S.S.G. Sec. 2K2.1(b)(5). We disagree, and affirm.
 
 I.
 
 2
 In June 1992, Cummings was convicted of a felony offense in Michigan state court and given a suspended sentence. During the next several months, Cummings and Jeff Brannigan broke into several residences and stole an estimated 14 firearms. Roughly one-half of these firearms were handguns, and the rest were shotguns and rifles. Cummings and Brannigan sold these firearms to "several" people, for prices as low as $100. Cummings knew that his buyers were aware that the weapons were stolen.
 
 
 3
 Cummings was later arrested, and he agreed to plead guilty to a one-count information. A probation officer interviewed Cummings and prepared a presentence investigation report, in which the officer stated:
 
 
 4
 [Mr. Cummings] expressed remorse, remarking that he now realizes he was responsible for putting guns into the hands of people who should not have them. Mr. Cummings acknowledged that he knew those who bought the stolen guns were involved in criminal behavior.
 
 
 5
 (App. at 45.) On the basis of these admissions, the probation officer recommended the enhancement of Cummings' sentence under section 2K2.1(b)(5). That section reads in relevant part:
 
 
 6
 If the defendant ... transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase [the defendant's offense level] by 4 levels.
 
 
 7
 Cummings objected to this recommended enhancement, arguing that his admissions were too speculative and general to support a finding that he had reason to believe his buyers would use the stolen guns in connection with a felony. During Cummings' sentencing hearing, the court cited the admissions noted above and rhetorically asked:
 
 
 8
 If 90 percent or 95 percent of activity, criminal activity with guns involves felonies and 5 percent involves misdemeanors, could not the Court by a preponderance of the evidence conclude that Mr. Cummings knew that the criminal behavior [in which Cummings "knew" his gun buyers were engaged] would be a felony as opposed to a misdemeanor, just by knowing that criminal activity involving guns are--for the most part, are felonies?
 
 
 9
 (App. at 12.) The court thus concluded that the section 2K2.1(b)(5) enhancement was appropriate. This appeal followed.
 
 II.
 
 10
 Cummings now reiterates his arguments that his admissions to the probation officer cannot support his section 2K2.1(b)(5) enhancement. In considering these arguments, we "review a district court's factual findings in connection with sentencing under a 'clearly erroneous' standard," but review de novo the application of the Sentencing Guidelines to a given set of facts. United States v. Sivils, 960 F.2d 587, 596 (6th Cir.), cert. denied, 113 S.Ct. 130 (1992).
 
 
 11
 Cummings argues the remarks that led the probation officer to record, "Cummings acknowledged that he knew those who bought the stolen guns were involved in criminal behavior," in fact were mere speculation. Thus, he disputes the probation officer's statement that Cummings "knew" that his customers were engaged in criminal activity. The district court, however, found that the probation officer accurately characterized Cummings' remarks. Because we have no transcript of Cummings' remarks to the probation officer, and because Cummings refused the district court's offer that he testify as to his knowledge of the criminal activities of his customers (see app. at 12), we cannot conclude the district court clearly erred when it found that Cummings' self-serving characterization of his remarks was not credible.
 
 
 12
 Since we accept the district court's understanding of the facts of Cummings' case, we review de novo the district court's application of section 2K2.1(b)(5) to those facts. As the district court noted, the volume of Cummings' gun sales was significant; handguns constituted the largest proportion of the weapons sold; Cummings knew his customers were criminals; and his customers knew the guns were stolen. These facts gave Cummings reason to believe that his customers' future criminal activities would involve the use of the firearms he sold to them. Because most crimes involving the use of a firearm are felonies, Cummings thus had reason to believe that the firearms he sold would be used in connection with the commission of some other felony offense.
 
 
 13
 Cummings' principal argument, however, is that a section 2K2.1(b)(5) enhancement can only rest upon "felony-specific" facts, which show the defendant had reason to believe a particular felony might be committed with the transferred firearm. Cummings' argument is not patently inconsistent with, but certainly is not compelled by, the language of section 2K2.1(b)(5). His argument fails, though, because it overlooks the purpose underlying section 2K2.1(b)(5). As the Third Circuit has observed, that purpose is apparent from the title of part K of the Guidelines:
 
 
 14
 Public safety represents a prime consideration whenever restrictions are placed on guns. If any doubt about this existed, the fact that the Guidelines governing firearms violations are included in a part entitled "Offenses Involving Public Safety" removes that doubt.
 
 
 15
 United States v. Uca, 867 F.2d 783, 790 (3d Cir.1989). The threat posed to the public safety by the sale of firearms to persons likely to use the firearms in connection with a felony does not diminish when, as here, the seller does not know which particular felony the buyer is likely to commit. Cummings himself acknowledged the reality of the threat that these circumstances pose to the public safety, when he "expressed remorse ... for putting guns into the hands of people who should not have them." (App. at 45.) We therefore reject Cummings' argument, and hold that a section 2K2.1(b)(5) enhancement is appropriate when the defendant had reason to believe the transferred firearm would be used in connection with any felony, without regard to whether the defendant had reason to know which particular felony might be committed. The district court thus was correct to enhance Cummings' sentence under section 2K2.1(b)(5).
 
 
 16
 AFFIRMED.