[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 1, 2006
THOMAS K. KAHN
CLERK

No. 06-11712
Non-Argument Calendar

_____

D. C. Docket No. 98-00210-CR-T-24-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRICK HANKERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 1, 2006)**

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

In August 1998, pursuant to a plea agreement, Derrick Hankerson pled

guilty to one count of conspiring to violate 21 U.S.C. § 841(a) by distributing cocaine base or possessing cocaine base with intent to distribute, in violation of 21 U.S.C. § 846. The district court sentenced him to a prison term of 92 months, followed by a five-year term of supervised release.

On February 2, 2006, Hankerson was arrested for violating the terms of his supervised release, and on February 14, the district court held a final revocation hearing. The court found that he had violated the terms of his release and sentenced him to a prison term of 60 months. He now appeals, contending that the district court abused its discretion in revoking his supervised release because there was not sufficient evidence to support a finding that he had willfully attempted to sell cocaine because: (1) the state dropped the drug charge; (2) he denied selling cocaine, though admitting that he attempted to sell marijuana; and (3) the confidential informant the police had used had a history of crimes of dishonesty.

We review a district court's revocation of supervised release under an abuse of discretion standard. United States v. Frazier, 26 F.3d 110, 112 (11th Cir. 1994). Under § 3583(e), the court may " revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute . . . if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of [his] supervised release." 18 U.S.C. §

2

3583(e)(3). The preponderance standard "does not relieve the sentencing court of the duty of exercising the critical fact-finding function that has always been inherent in the sentencing process. . . Preponderance of the evidence is not a high standard of proof. It is not, however, a toothless standard either." United States v. Askew, 193 F.3d 1181, 1183 (11th Cir. 1999).

The district court did not abuse its discretion in revoking Hankerson's supervised release because the testimony of the investigating detective was sufficient to establish by a preponderance of the evidence that Hankerson had committed a cocaine trafficking violation.

Hankerson contends that under the 18 U.S.C. § 3553(a) sentencing factors, his sentence was unreasonable – because the court based it on a Grade A violation, when he only committed a Grade C violation.

When imposing a sentence after revocation, the district court must consider the § 3553 factors including:

> (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; and (4) the kinds of sentences and sentencing range established by the Guidelines, and in the case of a violation of supervised release, the applicable Guidelines or policy statements issued by the Sentencing Commission.

United States v. Sweeting, 437 F.3d 1105, 1106 -07 (11th Cir. 2006). Section

3

3583(e)(3) prohibits a sentence of more than 5 years in prison, "if the offense that resulted in the term of supervised release is a class A felony." 18 U.S.C. § 3583(e)(3). As we cannot fault the court's determination that Hankerson committed a class A felony, and the court properly considered the § 3553(a) factors, the sentence the court imposed is due to be, and is,

AFFIRMED.