[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 19, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15322
Non-Argument Calendar

_____

D. C. Docket No. 02-00437-CR-JEC-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK DUSHION LANCASTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 19, 2009)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Mark D. Lancaster appeals the district court's revocation of his supervised release and imposition of a prison term of 11 months.[1] He argues (1) that the evidence was insufficient to support the district court's finding that he violated the conditions of his supervised release, and (2) that the prison term the court imposed was procedurally and substantively unreasonable.

I.

Lancaster argues that the evidence was insufficient to establish the grounds for revocation: that he had (1) changed his residences without permission, (2) lied to his probation officer about his true residence, (3) failed to support his dependents as required by failing to pay court-ordered child support, (4) opened a line of credit without his probation officer's permission, and (5) willfully failed to make restitution payments.

We review a district court's revocation of supervised release for abuse of discretion. United States v. Frazier, 26 F.3d 110, 112 (11th Cir. 1994). A district court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of supervised release authorized by statute . . . if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of [his] supervised release." 18 U.S.C. § 3583(e)(3). The preponderance of the

---

[1] Lancaster was serving a term of supervised release as part of his sentence of imprisonment for conspiracy to commit bank fraud.

evidence standard "does not relieve the . . . court of the duty of exercising the critical fact-finding function that has always been inherent in the sentencing process . . . . Preponderance of the evidence is not a high standard of proof. It is not, however, a toothless standard either." United States v. Askew, 193 F.3d 1181, 1183 (11th Cir. 1999) (sentence enhancement context).

The evidence fully supported the district court's finding that Lancaster had violated several conditions of his supervised release: he established a separate residence without the probation officer's permission, opened a line of credit without the probation officer's permission, and failed to pay his court-ordered child support and restitution payments. In sum, the district court did not abuse its discretion in revoking Lancaster's supervised release.

## II.

Lancaster argues that his sentence was procedurally unreasonable because the court (1) did not make a specific finding concerning the Guidelines' sentence range, and (2) did not adequately discuss the 18 U.S.C. § 3553(a) sentencing factors because it failed explicitly to mention the factors or otherwise indicate that it considered them. Lancaster argues that his sentence was substantively unreasonable because all of the violations the court found were Class C violations and the product of his inability financially to meet his obligations and his lapses in

3

judgment, due to his desire to be with his children.

Section 3583(e) of Title 18 states that, if the district court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release," it may, after considering factors set forth in § 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7), revoke a term of supervised release and "require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release." 18 U.S.C. § 3583(e). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed . . . (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed . . . [treatment] . . . ; (4) the kinds of sentence and the sentencing range . . . ; (5) any pertinent policy statement . . . (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The Supreme Court has explained that a sentence would be procedurally unreasonable if the district court improperly determined the Guidelines sentence range, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, based the sentence on clearly erroneous facts, or failed adequately to explain its

4

reasoning. Gall, 552 U.S. at ___, 128 S.Ct. at 597. As for revocation proceedings, it is sufficient that the record show "some indication that the district court was aware of and considered [the Guidelines]." United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000). The district court is not required explicitly to articulate that it has considered the § 3553(a) factors, where the record demonstrates that the court did, in fact, consider those factors. United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007) (in which the court, as here, failed to state that it considered the § 3553(a) factors). If the district court imposes a sentence within the Guidelines sentence range, it is not necessary to give a detailed explanation of its reasons, as long as it "set[s] forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." United States v. Agbai, 497 F.3d 1226, 1230 (11th Cir. 2007) (citations omitted). A sentence may be substantively unreasonable if it does not achieve the purposes of sentencing in § 3553(a). United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008).

Chapter 7 of the Sentencing Guidelines governs violations of supervised release and contains a policy statement recommending ranges of imprisonment applicable upon revocation. U.S.S.G. § 7B1.4 (a). The recommended sentence range for a Grade C violation with a criminal history category of III is 5 to 11

months.  Id.  Under 18 U.S.C. § 3583(e)(3), if a district court revokes a term of supervised release related to a Class D felony, the court may sentence the defendant up to two years' imprisonment.  The policy statements of Chapter 7 are merely advisory and not binding.  Aguillard, 217 F.3d at 1320.

Because the record shows the basis for the sentence the district court imposed and that the court imposed it after considering the evidence adduced by the parties, the provisions of Chapter 7, and several § 3553(a) sentencing factors, the sentence was procedurally reasonable.  Moreover, because the court imposed a sentence no greater than necessary to comply with the purposes of sentencing, the sentence was substantively reasonable.

AFFIRMED.