[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15811
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 28, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-00037-SPM-AK-1

UNITED STATES OF AMERICA,

                                                      Plaintiff-Appellee,

                          versus

ARTHUR BRENT STANLEY,
a.k.a. Stan Yates,
a.k.a. Stanley Yates,

                                                      Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 28, 2011)

Before BARKETT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Arthur Brent Stanley appeals his total 240-month sentence for receipt and distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). On appeal, Stanley argues that the district court erred in applying a two-point sentence enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. Stanley also argues that the court erred in denying a two-point sentence reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

I.

We review a district court's findings of fact under a clear error standard. *United States v. Jordi,* 418 F.3d 1212, 1214 (11th Cir. 2005). "For a factual finding to be clearly erroneous, this court, after reviewing all of the evidence, must be left with a definite and firm conviction that a mistake has been committed." *United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1137 (11th Cir. 2004)(quotation omitted). The government bears the burden of establishing by a preponderance of the evidence any facts necessary to support a sentence enhancement. *United States v. Askew*, 193 F.3d 1181, 1183 (11th Cir. 1999).

Section 3C1.1 of the Guidelines states that the base offense level is increased by two points if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing" of the charged conduct. U.S.S.G. § 3C1.1. According to the application notes, this includes instructing another to destroy or conceal material evidence and providing materially false information to the court. *Id.*, comment. n.4(D), (F). The comments define "material" as any evidence, fact, or information that "would tend to influence or affect the issue under determination." *Id.*, comment. n.6.

In this case, the government offered sufficient evidence for the court to find by a preponderance of the evidence that Stanley engaged in multiple instances of obstructive behavior. Stanley misrepresented himself as "Stanley Yates" after his arrest, using the false name during his initial appearance and in documents filed with the court. Stanley also instructed another person to check if his camper had been searched by the police and to remove items. Lastly, Stanley falsely indicated on the financial affidavit that he filed with the court that he owned no real estate, automobiles, or other valuable property.

Alternatively, any error is harmless because the district court sentenced Stanley below the guideline range and explicitly stated that its resolution of

Stanley's objection did not affect the total sentence imposed. Even if both of the matters addressed on appeal had been resolved in Stanley's favor, the high-end of his guideline range would have been 210 months (adjusted offense level 35 and 168-210 months being the amended range). Stanley does not contend that his sentence was unreasonably severe, and the record does not show that a 30-month variance would be unreasonable.

## II.

We review a district court's findings of fact under a clear error standard. *United States v. Jordi,* 418 F.3d 1212, 1214 (11th Cir. 2005). We have held that, "[b]ecause demonstration of whether or not the defendant has personally accepted responsibility for his criminal conduct requires a consideration of both objective factors and subjective considerations of the defendant's demeanor and sincerity, the district court's determination will not be overturned unless it is without foundation." *United States v. Castillo-Valencia*, 917 F.2d 494, 500 (11th Cir. 1990). The defendant bears the burden of establishing, by a preponderance of the evidence, the factual basis for a sentence reduction. *United States v. Askew*, 193 F.3d 1181, 1183 n.3 (11th Cir. 1999).

Section 3E1.1 of the Guidelines states that the base offense level is decreased by two points if the defendant "clearly demonstrates acceptance of

responsibility for his offense." U.S.S.G § 3E1.1(a). The application notes explain that conduct resulting in an obstruction of justice enhancement "ordinarily indicates that the defendant has not accepted responsibility." *Id*., comment. n.4. However, there may be "extraordinary cases" in which both adjustments are appropriate. *Id.*

In this case, the district court had a rational foundation for denying the adjustment, particularly in light of the obstruction of justice enhancement. The court found, both independently and by accepting the factual allegations in the PSI, that Stanley had engaged in multiple instances of obstructive behavior.

Alternatively, as in Issue One, any possible error is harmless. The district court discussed both Stanley's objection to the obstruction of justice enhancement and his objection to the denial of an acceptance of responsibility reduction as a single objection. Accordingly, the court's explicit statement that its resolution of Stanley's objection did not affect the total sentence imposed encompassed this issue as well.

**AFFIRMED**.