[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10320
Non-Argument Calendar
_____

D.C. Docket No. 9:11-cr-80122-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHEA JONES,
a.k.a. Black,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 8, 2012)

Before HULL, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Shea Jones appeals his 135-month sentence on the grounds that it is both procedurally and substantively unreasonable.  After a thorough review of the record, we affirm.

Jones was charged in an eleven-count indictment with various drug and firearm related offenses.  He agreed to plead guilty to dealing in a firearm without a license, in violation of 18 U.S.C. § 922(a)(1)(A) (Count 1); and possession of an unregistered short-barreled rifle, in violation of 26 U.S.C. § 5861(d) (Count 2).  The remaining nine counts were dismissed.

The charges arose from sales Jones and others made to an undercover officer between August 2010 and May 2011.  During that time, Jones sold over 80 firearms and drugs to the undercover officer.[1]  None of the firearm sales occurred at the same time as the drug sales.

The probation officer prepared a presentence investigation report (PSI), grouping the two offenses together and calculating Jones's sentence under U.S.S.G. § 2K2.1, the guideline applicable to firearm offenses.  The probation officer included in the calculation increases for various specific offense characteristics.  At issue in this appeal is the application of a 4-level increase

---

[1]  According to the presentence investigation report, Jones sold 84 weapons.  Jones disputes three of these sales.  This discrepancy has no impact on the sentencing calculations.  *See* U.S.S.G. § 2K2.1(b)(1)(C).

under § 2K2.1(b)(6)(B).  That subsection provides,

> If the defendant . . .[u]sed or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels.

U.S.S.G. § 2K2.1(b)(6)(B).  The probation officer concluded that the 4-level increase applied because Jones sold drugs to the undercover officer while armed with firearms.  Jones's total adjusted offense level, coupled with a criminal history category of I, yielded a guideline range of 135 to 168 months' imprisonment.  The statutory maximum sentence for Count 1 was five years' imprisonment; the maximum for Count 2 was ten years' imprisonment.  *See* 18 U.S.C. § 924(a)(1)(D); 26 U.S.C. § 5871.

Jones's objected to the § 2K2.1(b)(6)(B) increase, arguing that there was no evidence the guns were in connection with another crime or that he had any reason to believe they would be used in that manner.

At sentencing, the court clarified that Jones never sold guns and drugs at the same time, and the court removed from the PSI the statement that Jones had sold them together.  Jones argued that § 2K2.1(b)(6)(B) did not apply because it was pure speculation that he would have known that the guns would be used in other criminal activities.  The government responded that Jones had reason to believe

3

that the guns would be used in other activity, specifically drug trafficking, because Jones sold the guns and drugs to the same undercover officer. The government further stated that the manner in which Jones conducted the sales showed that he knew the guns would be used in other crimes. The government noted that Jones did not carry the guns out in the open when he delivered them, and some of the guns had no serial numbers.

The court determined that § 2K2.1(b)(6)(B) applied because Jones would have known that he sold the guns to a drug dealer, and guns have the ability to facilitate drug crimes. The court then reviewed the sentencing factors in 18 U.S.C. § 3353(a) to fashion the sentence. The court noted that Jones was young and had no significant criminal history. But the court was concerned over the large number of guns involved, many of which had been stolen or were untraceable. Citing the need to protect the public and provide a sentence that would act as a deterrent, the court stated that a sentence within the guideline range would be appropriate. The court sentenced Jones to 135 months' imprisonment, which consisted of 15 months' imprisonment on Count 1 and a consecutive 120-month sentence on Count 2. This is Jones's appeal.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). We may "set

4

aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable." *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S.Ct. 1813 (2011).

Our review for reasonableness involves two steps.  First, we ensure that the sentence was procedurally reasonable, meaning the district court  properly calculated the guideline range, treated the Guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence.  *Gall*, 552 U.S. at 51.  Once we determine that a sentence is procedurally sound, we examine whether the sentence was substantively reasonable in light of the totality of the circumstances.  *Id.*  The party who challenges the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir.), *cert. denied*, 131 S.Ct. 674 (2010).

On appeal, Jones argues that the four-level enhancement is improper because there was insufficient evidence to demonstrate a connection between any firearm he sold and another offense, which renders his sentence procedurally unreasonable.  He also argues that the sentence imposed was substantively unreasonable because it was greater than necessary to achieve the goals of 18

5

U.S.C. § 3553(a). We address each issue in turn.

A. Procedural reasonableness

We review a district court's factual findings using a clear error standard. *United States v. Jordi,* 418 F.3d 1212, 1214 (11th Cir. 2005). "For a factual finding to be clearly erroneous, this court, after reviewing all of the evidence, must be left with a definite and firm conviction that a mistake has been committed." *United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1137 (11th Cir. 2004) (internal quotation marks omitted). The government bears the burden of establishing by a preponderance of the evidence any facts necessary to support a sentence enhancement. *United States v. Askew*, 193 F.3d 1181, 1183 (11th Cir. 1999).

Section 2K2.1(b)(6)(B) instructs the district court to increase the base offense level by four points if the defendant "[u]sed or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). "In connection with" means "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." *Id.*, comment. (n. 14(A)).

We have consistently adopted an expansive interpretation of the phrase "in

6

connection with." *United States v. Matos-Rodriguez*, 188 F.3d 1300, 1308-09 (11th Cir. 1999). Further, we have long acknowledged that "[g]uns and violence go hand-in-hand with illegal drug operations." *United States v. Hromada*, 49 F.3d 685, 689 (11th Cir. 1995); *see also United States v. Cruz*, 805 F.2d 1464, 1474 (11th Cir. 1986) ("[G]uns are a tool of the drug trade.").

Here, although the court clarified that Jones never sold guns and drugs at the same time, there was sufficient evidence to support the application of § 2K2.1(b)(6)(B). The record shows that Jones sold the guns and drugs to the same person, and the quantity of drugs was such that Jones had to know the buyer was distributing drugs to others. These facts are sufficient for the government to meet its burden and to establish that the enhancement applied. Accordingly, we conclude that Jones's sentence is procedurally reasonable.

B. Substantive Reasonableness

The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and

7

circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

Although we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). A sentence imposed well below the statutory maximum penalty is another indicator of a reasonable sentence. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Here, we conclude that the sentence imposed was substantively reasonable. The district court properly considered the guidelines as well as the § 3553(a) factors when fashioning its sentence. After balancing the mitigating factors, such as Jones's youth and lack of significant criminal history, against the seriousness of the offense, the number of guns involved, the need to protect society, and the deterrent effect, the court imposed a sentence at the low end of the applicable guideline range. Moreover, the total sentence imposed was well below the total maximum sentence of 180 months' imprisonment. Accordingly, we affirm the

sentence imposed as reasonable.

**AFFIRMED.**