[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16027
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-00366-DHB-WLB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KESHON BARKIM McWILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(August 28, 2013)

Before DUBINA, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Keshon Barkim McWilliams ("McWilliams") appeals his

conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. §

922(g)(1), and his sentence that included a four-level guideline range enhancement

for committing the indicted offense during the commission of another felony.

Upon review of the record and consideration of the parties' briefs, we affirm

McWilliams' conviction and sentence.

## I. Facts

At the bench trial, the government presented evidence from two

eyewitnesses and several police officers that McWilliams fired a .380 caliber pistol

while he was inside of a vehicle arguing with his girlfriend, Chiquita Smith

("Smith").  Letitia Callaway ("Callaway") testified that she was outside Frank

Woods's ("Woods") home speaking with Woods when she observed McWilliams

and Smith arguing as they walked towards Smith's vehicle.  Smith's three children

were in the backseat.  As Smith and McWilliams entered the vehicle, they were

arguing about McWilliams talking to another woman.  While seated in the

passenger seat, McWilliams pulled out a gun, which Callaway saw was in

McWilliams's right hand.  However, Callaway did not see how McWilliams

obtained the gun.  The gun fired, and Callaway called 911.  On cross-examination,

Callaway testified there may have been one or two shots fired, and that

McWilliams did not point the gun at anyone.

Woods also testified for the government.  He testified that he came outside

when one of his daughters told him someone was outside with a gun.  As he went

outside to the porch, he heard a shot.  He stated that he took the gun from

2

McWilliams, removed the magazine, and threw the gun and magazine on the floor of the vehicle. On cross-examination, Woods testified that when he exited the house, he saw Smith and McWilliams in the vehicle together, and McWilliams held the gun out the window, and pointed the gun towards the sky when he fired the shot. Woods also did not see how McWilliams obtained the gun.

Investigator Phillip Perkins ("Perkins") testified that when he interviewed Smith, Smith told him that she and McWilliams had just been arguing, and she did not know anything about a gun or a magazine. However, the next day, Smith told Perkins that she had lied about not knowing anything about the gun. Instead, she stated that McWilliams had poked her in the back of the head with the gun, a shot fired near her head, and she was worried McWilliams would kill her. Smith showed Perkins a bullet hole in the driver's side sun visor of her vehicle, demonstrating that the gun appeared to have been fired from the passenger side.

Smith testified for McWilliams at trial, and for the first time stated the gun belonged to her, and McWilliams did not know about the gun. Smith testified that McWilliams only took possession of the gun because she had tried to kill herself. She stated that she had the gun in her right hand, pointed at her head, when McWilliams pulled it from her, and the gun accidentally fired. Smith said she lied to investigators in her previous statements because she was depressed, angry at McWilliams, and because she had just given birth.

3

On appeal, McWilliams challenges the sufficiency of the government's evidence for conviction and the four-level enhancement applied to his sentence. McWilliams argues there was insufficient evidence to support his conviction because the government's witnesses gave inconsistent testimony, Woods's testimony contradicted the physical evidence of the gun's manner of discharge, and he was justified in possessing the firearm because he was preventing Smith from killing herself. McWilliams also contends the district court erred in enhancing his sentence for possessing the firearm in connection with another felony, criminal damage to property in the first degree, because he produced evidence at trial that the enhancing offense was not committed knowingly.

## II.  Standard of Review

Review for the sufficiency of the evidence is *de novo*. *United States v. Jimenez*, 564 F.3d 1280, 1284 (11th Cir. 2009). We view the evidence in the light most favorable to the government and accept all reasonable inferences and credibility determinations to support the verdict. *See United States v. House*, 684 F.3d 1173, 1196 (11th Cir. 2012).

We give considerable deference to the credibility findings of the trial judge and must accept the evidence unless it is contrary to the laws of nature, or is so inconsistent or improbable on its face that no reasonable fact-finder could accept it. *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002). A trial

4

judge's choice of whom to believe is conclusive unless the judge credits exceedingly improbable testimony. *Id.*

Findings of fact related to sentencing enhancements are reviewed for clear error. *United States v. Ghertler*, 605 F.3d 1256, 1267 (11th Cir. 2010). To find clear error, we must have a definite and firm conviction, after viewing all the evidence, that a mistake has been made. *Id.* Clear error review is deferential, but a factual finding must be supported by substantial evidence. *United States v. Robertson*, 493 F.3d 1322, 1330 (11th Cir. 2007). The government bears the burden of proving the facts necessary for a sentencing enhancement by a preponderance of the evidence. *United States v. Askew*, 193 F.3d 1181, 1183 (11th Cir. 1999).

### III. Sufficiency of the Evidence

For a conviction under § 922(g)(1) the government must prove 1) the defendant was a convicted felon; 2) the defendant was in knowing possession of a firearm; and 3) the firearm was in or affecting interstate commerce. *United States v. Wright*, 392 F.3d 1269, 1273 (11th Cir. 2004). The only issue on appeal is whether there was sufficient evidence that McWilliams was in knowing possession of a firearm.

Justification is an available defense for the charge of felon in possession of a firearm, but only in extraordinary circumstances. *United States v. Deleveaux*, 205

5

F.3d 1292, 1297 (11th Cir. 2000).  It "does not negate any element of § 922(g)(1), but it is an affirmative defense . . . based on additional facts and circumstances that are distinct from the conduct constituting the underlying offense."  *Id.* at 1297–98. The defendant must prove justification by a preponderance of the evidence.  *Id.* at 1299–1301.

The district judge found Callaway and Woods credible witnesses and described the inconsistencies between their description of the events and the physical evidence as immaterial.  The district judge noted that as to the material issue of whether McWilliams possessed the firearm, the witnesses agreed he had the firearm in his hand.  The district judge also found that the physical evidence demonstrated at least one shot was fired from inside the car.  Critically, the district judge found Smith's testimony entirely incredible due to her shifting version of events.  Based on these credibility determinations and in light of the physical evidence, the district judge found that McWilliams had actual possession of the firearm and discharged it within Smith's vehicle.  As there is nothing exceedingly improbable about the district judge's credibility determinations, *see Ramirez-Chilel*, 289 F.3d at 749, the record reflects sufficient evidence from which a reasonable fact-finder could determine McWilliams's guilt beyond a reasonable doubt.

## IV.  Sentencing Enhancement

U.S.S.G. § 2K2.1(b)(6)(B) provides for a four-level enhancement where the defendant used or possessed a firearm in connection with another felony offense. "Another felony offense" is defined as any federal, state, or local offense, other than the firearms possession, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought or a conviction obtained. U.S.S.G. § 2K2.1, cmt. n.14(C). Criminal damage to property in the first degree is committed when an individual "[k]nowingly and without authority interferes with any property in a manner so as to endanger human life." O.C.G.A. § 16-7-22(a)(9). Firing a gun into a dwelling where inhabitants are likely to be present, even when they are not physically present, is sufficient for a conviction of criminal damage to property in the first degree. *Cathern v. State*, 272 Ga. 378, 380, 529 S.E.2d 617, 620 (Ga. 2000).

The district judge found that McWilliams's act of discharging the firearm within a vehicle occupied by five people, three of whom were children under the age of five, was intentional and endangered human life. The district judge completely discredited Smith's testimony that the gun fired accidentally, and explicitly found that McWilliams intended to fire the shot. The district judge was in a better position to assess the witnesses' credibility, and we find no error in his application of the enhancement.

## V. Conclusion

7

For the foregoing reasons, we affirm McWilliams' conviction and sentence.

**AFFIRMED.**