[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15676
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00152-WBH-ECS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERGIO HERNANDEZ,

Defendant-Appellant.


_____

No. 13-15678
Non-Argument Calendar
_____

D.C. Docket No.  1:13-cr-00152-WBH-ECS-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SALVADOR ANGEL LUNA,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(July 25, 2014)

Before WILSON, PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Salvador Angel Luna and Sergio Hernandez appeal their sentences of 27 and 9 months of imprisonment, which were imposed following their pleas of guilty to conspiring to make and making false statements to a federally licensed firearms dealer. *See* 18 U.S.C. §§ 2, 371, 924(a)(1)(A). Luna and Hernandez challenge the enhancement of their sentences for trafficking in firearms. *See* U.S.S.G. § 2K2.1(b)(5). We affirm.

Luna argues that his sentence should not have been enhanced because he did not know the firearms would be given to an individual who would dispose of them unlawfully, but the district court did not clearly err by making a contrary finding. A defendant convicted of a firearms offense is subject to a four-level enhancement of his sentence if he "transported, transferred, or otherwise disposed of . . . or received two or more firearms with the intent to transport, transfer, or otherwise

2

dispose of [them] to another individual" whom he "knew or had reason to believe" could not "possess[] or recei[ve] . . . the firearm . . . []lawful[ly] or . . . intended to use or dispose of the firearm unlawfully." *Id.* § 2K2.1 cmt. n.13(A). Luna did not object to the facts in his presentence investigation report, *see United States v. Turner*, 626 F.3d 566, 572 (11th Cir. 2010), that he was recruited by an individual whom he knew only by his first name, Jose; Luna knew that Jose had recruited other individuals to purchase firearms; Luna paid Sergio Hernandez to purchase six firearms; Jose gave Luna a Jeep vehicle to transport the firearms to Mexico; Luna registered the Jeep in his name; Luna knew Jose hid the firearms in the door panels of the Jeep; Luna drove the Jeep to Mexico in exchange for $3,000 upon delivery of the firearms to Jose's brother; and Luna previously had transported cars to Mexico on numerous occasions, where he "legalized" them. The district court reasonably inferred that Luna knew the guns would be disposed of unlawfully because he knew of Jose's clandestine tactics and because Luna used a straw man to purchase the firearms and smuggled them into Mexico. *See United States v. Almedina*, 686 F.3d 1312, 1315–16 (11th Cir. 2012). Unlike the defendant in *United States v. Askew*, 193 F.3d 1181 (11th Cir. 1999), Luna's use of surreptitious methods to acquire and to deliver the firearms "eliminated . . . [any plausible belief that those firearms would be used for] innocent," or legal, purposes. *See id.* at 1185.

3

Even if we were to assume that the district court erred by enhancing Hernandez's base offense level under section 2K2.1(b)(5), that error would be harmless. "A Sentencing Guidelines miscalculation is harmless if the district court would have imposed the same sentence without the error." *United States v. Barner*, 572 F.3d 1239, 1248 (11th Cir. 2009).  The district court told Hernandez that, even "[i]f [it] had agreed with [him] about the enhancement" and his "guideline range [had been] 10 to 12 or 18 to 24" months, "[it] still would have imposed [a] nine month[]" sentence.  And that sentence below either guideline range is reasonable. *See United States v. Keene*, 470 F.3d 1347, 1349–50 (11th Cir. 2006).   The district court considered Hernandez's devotion to his family, work ethic, and his lack of a criminal record, which revealed that his crime seemed to be a "one-time event," and the district court reasonably determined that a nine month sentence would not be "too much punishment" and was necessary to "deter him and others from like conduct." *See* 18 U.S.C. § 3553(a)(2)(A), (B).

We **AFFIRM** Luna's and Hernandez's sentences.