[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15162
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cr-00060-RH-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY AARON GRICE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(November 12, 2014)

Before ED CARNES, Chief Judge, MARCUS and WILLIAM PRYOR, Circuit
Judges.

PER CURIAM:

Henry Grice appeals his 84-month sentence, imposed after he pleaded guilty to three separate counts:  conspiracy to distribute and to possess with the intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 846; possession of cocaine and marijuana with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  He contends that the district court erred in finding that the evidence presented at his sentence hearing justified applying the four-level enhancement under United States Sentencing Guidelines § 2K2.1(b)(6)(B) for using or possessing a firearm in connection with another felony offense.

We will not disturb the sentencing court's factual findings absent clear error. United States v. Askew, 193 F.3d 1181, 1183 (11th Cir. 1999).  We review de novo, however, the court's application of the sentencing guidelines to those facts. United States v. Cannon, 41 F.3d 1462, 1466 (11th Cir. 1995).

Section 2K2.1(b)(6)(B) provides for a four-level increase in the defendant's base offense level if the defendant "used or possessed any firearm or ammunition in connection with another felony offense."  U.S.S.G. § 2K2.1(b)(6)(B). Application Note 14(B) to § 2K2.1 specifically provides that § 2K2.1(b)(6)(B) applies "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia . . .

2

because the presence of the firearm has the potential of facilitating another felony offense."  U.S.S.G. § 2K2.1 cmt. n.14(B); see United States v. Jackson, 276 F.3d 1231, 1234 (11th Cir. 2001) (noting that, where the defendant's offense involves possession of contraband, a court may infer that the firearm emboldened him to undertake illicit drug activity, and that he "would have, if necessary, used [his] firearm[] in furtherance of [his] crime[]").

At Grice's sentence hearing, the district court found that, during their search of Grice's residence, law enforcement officers found powder cocaine and marijuana in a safe in Grice's bedroom, as well as a shotgun and three unspent shotgun shells under a couch in his living room.  Grice argued that he had not "possessed" the shotgun for purposes of the § 2K2.1(b)(6)(B) enhancement because the shotgun did not belong to him and he had no intention of using it, but the district court rejected that argument.  In doing so, the district court credited a police officer's testimony about the contents of several recorded phone calls that Grice made from jail after his arrest.  According to the officer, Grice referred to the shotgun that had been found at his residence but did not express surprise at the officers' discovery.  Instead, he made comments along the lines of "we should have gotten rid of it."  That was enough to establish constructive possession. See United States v. Perez, 661 F.3d 568, 576 (11th Cir. 2011).  In light of that, the district court found that Grice possessed the shotgun, that the shotgun "was

3

available for use in connection with [Grice's] drug offense[s]," and that the

§ 2K2.1(b)(6)(B) enhancement was warranted.  The district court's factual findings

were not clearly erroneous, and the enhancement was properly applied.

**AFFIRMED.**