**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-2183

_____

UNITED STATES OF AMERICA

v.

LOUIS HILL, a/k/a Lou,
                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2:18-cr-00191-001)
Hon. Cynthia M. Rufe, United States District Judge

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on July 1, 2020

Before: KRAUSE and PHIPPS, *Circuit Judges*, and BEETLESTONE,[*] *District Judge*.

(Filed: July 2, 2020)

_____

**OPINION**[†]

_____

---

[*] Honorable Wendy Beetlestone, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

[†] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Louis Hill pleaded guilty to one count of unlicensed firearms dealing and multiple counts of being a felon in possession of a firearm. He appeals his sentence, arguing the District Court erred in applying the gun trafficking enhancement under U.S.S.G. § 2K2.1(b)(5). We discern no error and so will affirm.

## DISCUSSION[1]

The Sentencing Guidelines call for a four-level increase in the offense level of any defendant who "engaged in the trafficking of firearms." U.S.S.G. § 2K2.1(b)(5). For the enhancement to apply, the defendant must have "kn[own] or had reason to believe" that his conduct "would result in the transport, transfer, or disposal of a firearm to an individual . . . whose possession or receipt of the firearm would be unlawful." U.S.S.G. § 2K2.1 cmt. n.13(A)(ii). And an individual cannot "[]lawful[ly]" receive a firearm if "at the time of the offense [he] was under a criminal justice sentence, including probation." *Id.* cmt. n.13(B).

Here, the District Court found Hill knew or had reason to know that the confidential informant to whom he sold seven firearms was under a probationary sentence at the time.[2] We review that factual finding under the "deferential" clear error standard. *See United States v. Richards*, 674 F.3d 215, 218–23 (3d Cir. 2012). Because a review of the record leaves us with no "definite and firm conviction that a mistake has been committed," *United*

---

[1] As we write only for the parties, who are familiar with the background of this case, we need not reiterate the factual or procedural history.

[2] Although the District Court also found Hill knew or had reason to know that the confidential informant "ha[d] a prior conviction for a crime of violence," U.S.S.G. § 2K2.1 cmt. n.13(B), we need not address that alternative ground for the enhancement.

*States v. Foster*, 891 F.3d 93, 113 (3d Cir. 2018) (citation omitted), we have no basis to second-guess the Court's conclusion.

That conclusion finds substantial support in the record. There is no question the informant to whom Hill sold firearms was on probation during the relevant period, and that informant and Hill had many degrees of connection: They grew up and lived in the same neighborhood for many years; had been friends "since at least 2009," App. 29; attended high school together; "commit[ed] crimes together" in their younger years, App. 31; engaged in frank discussions about criminal activities; and, during the relevant period, had extensive electronic and face-to-face communications while planning and executing seven firearm transactions. Most relevant, during a recorded telephone call between the second and third transactions, the informant told Hill he could not talk because he was "at the PO office," Appellant's Br. 15 n.3 (quoting the Presentence Report), using an abbreviation that the parties agree refers to the probation office. Given the "substantial relationship" between Hill and the informant, App. 36, and the informant's plain statement to Hill during the call, the District Court found that Hill knew or had reason to know the informant was on probation. In making that factual finding regarding Hill's mental state, the Court appropriately relied on circumstantial evidence, *see United States v. Douglas*, 885 F.3d 145, 151 (3d Cir. 2018), and drew reasonable inferences based on that evidence.

Contrary to Hill's argument, we do not fault the District Court on this record for "fail[ing] . . . to rule out any possible innocent inferences," Appellant's Br. 8, before making its finding. True, where "the evidence [i]s 'in equipoise,' the government ha[s] failed to meet its burden" with respect to the imposition of a sentencing enhancement. *United States v. Cicirello*, 301 F.3d 135, 142 (3d Cir. 2002) (citation omitted). That principle follows from the Government's burden to prove the appropriateness of an enhancement

3

"by a preponderance of the evidence." *Id.* But that burden was not met in *Cicirello* because "there [we]re no facts from which Cicirello's knowledge, intent or belief at the relevant time c[ould] be gleaned." *Id.* at 141; *see id.* at 138 (explaining that the record revealed "nothing as to where, how, or to whom Cicirello sold the guns"). The same is true for the other decisions Hill cites. *See United States v. Moody*, 915 F.3d 425, 428 (7th Cir. 2019) (involving a defendant who sold guns to wholly "anonymous buyers"); *United States v. Askew*, 193 F.3d 1181, 1182 (11th Cir. 1999) (involving a defendant who knew neither to whom the guns were sold nor "any of the circumstances surrounding the sale"). Conversely, where the record contains "facts from which an inference of . . . knowledge or reason to believe can be drawn," a district court may draw that inference and apply a section 2K2.1(b)(5) enhancement regardless whether the defendant is able to identify a more "innocent" reading of those facts. *Cicirello*, 301 F.3d at 142 & n.5 (collecting cases); *see Moody*, 915 F.3d at 430 ("Moody's case . . . stands in contrast to those in which the seller *knew something more about the buyers* than that they were in the market for a gun." (emphasis added)); *Askew*, 193 F.3d at 1184 (contrasting cases in which "the defendants had personal contact with the transferees," making it "logical for the sentencing court to infer a certain level of knowledge about their buyers[]"). And in such cases, a district court is not required to *sua sponte* identify "innocent possibilities" not raised by the defendant or reasonably inferred from the facts in the record.

Here, the evidence was not "in equipoise," *Cicirello*, 301 F.3d at 142 (citation omitted), and the District Court had ample factual material from which to conclude the enhancement was appropriate. *Cicirello* therefore does not supply the rule of decision. And while Hill has identified other plausible inferences the District Court might have been drawn, we are faced with "two permissible views of the evidence" and an incontestable conclusion

4

flowing therefrom: that the District Court's "choice between them cannot be clearly erroneous," *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985).

## CONCLUSION

For the foregoing reasons, we will affirm the District Court's judgment.