[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 17-11943; 17-11949
Non-Argument Calendar
_____

D.C. Docket Nos. 1:11-cr-00043-CG-B-1; 1:16-cr-00231-CG-N-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROY DARWOOD RAY,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Alabama
_____

(December 29, 2017)

Before WILLIAM PRYOR, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

In 2011, Defendant Roy Ray was convicted of being a felon in possession of a firearm and sentenced to 70 months' imprisonment. Defendant was released in 2016 and before expiration of his three-year term of supervised release, he pled guilty to being a felon in possession of ammunition. He was sentenced to 134 months' imprisonment, consisting of 110 months' imprisonment on the new felon-in-possession conviction and a consecutive 24-month sentence for violating the terms of his supervised release. On appeal, Defendant challenges a four-level enhancement he received under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm or ammunition in connection with another felony offense. He also argues that his sentence is substantively unreasonable. After careful review, we affirm.

## I.    BACKGROUND

### A.    Facts[1]

On June 21, 2016, Detective Vincent Gazzier of the Mobile County Sheriff's Office responded to a dispatch call regarding two robberies that had occurred in the North Ann Street and Saint Stephens Area. The first robbery occurred around 10:30 PM in the area of North Ann. The victim reported that a bald, black male with facial hair had approached him with a semiautomatic handgun and demanded money. The victim described the suspect as being five-foot-eleven-inches,

---

[1] The facts are taken from the testimony presented at the sentencing hearing. *See United States v. Polar*, 369 F.3d 1248, 1255 (11th Cir. 2004) ("The district court's factual findings for purposes of sentencing may be based on, among other things, evidence heard during [the] trial, undisputed statements in the [PSR], or evidence presented during the sentencing hearing.").

between 230 to 250 pounds, and wearing a red shirt and dark pants. The second robbery occurred three blocks away approximately ten minutes later. That victim reported that he was on his bicycle when a black male pointed what looked like a .40-caliber semiautomatic weapon at him and demanded the bicycle. This victim provided the same description of the robbery suspect as the victim in the first robbery.

Approximately one hour after the robberies, an officer patrolling the area observed an individual matching the description of the robbery suspect. Specifically, the individual, later identified as Defendant, appeared to be five-foot-eleven-inches, was wearing a red shirt and dark pants, and was heavy-set, bald, and had a beard. When the officer approached, Defendant fled and a brief foot-chase ensued. Defendant was subsequently apprehended. Both robbery victims were shown a photo lineup. One victim identified Defendant; the other victim was not able to identify anyone in the lineup. Following Defendant's arrest, he was found in possession of nine-millimeter ammunition. Neither a firearm nor a bicycle was recovered from the scene.

### B.    Procedural History

In light of the events discussed above, the probation officer filed a petition in district court seeking to revoke Defendant's supervised release. According to the petition, Defendant violated the conditions of his supervised release by: (1)

admitting to consuming alcohol; (2) being found in possession of ammunition on June 21, 2016; and (3) being arrested and charged with two counts of first-degree robbery on June 21, 2016.

A federal grand jury subsequently charged Defendant with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). Defendant pled guilty without a plea agreement. The district court scheduled a combined sentencing and revocation hearing.

Prior to that hearing, the probation officer prepared a Presentence Investigation Report ("PSR"). The PSR assigned Defendant a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2). He also received a four-level enhancement under § 2K2.1(b)(6)(B) because he used or possessed a firearm or ammunition in connection with another felony offense. With a three-level reduction for acceptance of responsibility, Defendant's total offense level was 25. Based on a total offense level of 25 and a criminal history category of VI, Defendant's guideline range was 110 to 137 months' imprisonment. However, because the offense carried a 120-month statutory maximum sentence, the guideline range became 110 to 120 months' imprisonment. Defendant objected to the four-level enhancement under § 2K2.1(b)(6)(B) for possessing a firearm or ammunition in connection with another felony offense.

4

At the combined sentencing and revocation hearing, the Government presented testimony to support the § 2K2.1(b)(6)(B) enhancement. Detective Vincent Gazzier testified about the details of the two robberies that occurred on June 21, 2016. Defendant's probation officer, Thomas Cost, testified that Defendant denied participating in the robberies but admitted to having possessed the nine-millimeter ammunition. Defendant told Cost that a "crackhead" had offered him a box of nine-millimeter ammunition and he purchased it for his uncle who works as a security guard.

Following the witness testimony, Defendant argued that the § 2K2.1(b)(6)(B) enhancement was not applicable because the Government had not demonstrated that the ammunition he possessed facilitated another felony offense. Specifically, Defendant was found in possession of nine-millimeter ammunition but one of the victims had alleged that Defendant possessed a .40-caliber firearm. Because the ammunition did not match the firearm—and Defendant was not even found in possession of a firearm—the Government could not establish that the ammunition facilitated another felony offense.

The district court rejected Defendant's argument and concluded that the Government had established by a preponderance of the evidence that the four-level enhancement under § 2K2.1(b)(6)(B) applied. The court explained that the robbery victim could have easily mistaken a semiautomatic firearm for a .40-

5

caliber firearm and that the ammunition possessed by Defendant would fit a semiautomatic firearm.  The court found Defendant's explanation that he had purchased the ammunition from a "crackhead" to be improbable.  Moreover, the court stated that Defendant's clothing matched the description provided by the victims and that Defendant "somehow ditched" the firearm between the time of the robberies and when he was arrested.

As to the § 922(g) violation, the district court calculated a guideline range of 110 to 120 months' imprisonment and noted that a high-end sentence was appropriate.   However, the court credited Defendant with the time spent in custody for a related offense and sentenced him to 110 months' imprisonment.  As to the violation of supervised release, the district court sentenced Defendant to 24 months' imprisonment to be served consecutively to the 110-month sentence imposed on the § 922(g) violation.  [*Id.*]  This appeal followed.[2]

## II.    DISCUSSION

### A.    U.S.S.G. § 2K2.1(b)(6)(B) Enhancement

We review the district court's application of the Sentencing Guidelines *de novo* and its factual findings for clear error.  *United States v. Perez-Oliveros*, 479 F.3d 779, 783 (11th Cir. 2007).  When reviewing for clear error, we will not disturb a district court's findings unless we are left with a definite and firm

---

[2]  We granted Defendant's motion to consolidate the new criminal case and the revocation proceedings on appeal.

conviction that a mistake has been committed.  *United States v. Dimitrovski*, 782 F.3d 622, 629 (11th Cir. 2015).  The Government has the burden of establishing the facts necessary to support a sentencing enhancement by a preponderance of the evidence.  *United States v. Aguilar-Ibarra*, 740 F.3d 587, 592 (11th Cir. 2014).

Pursuant to U.S.S.G. § 2K2.1(b)(6)(B), a defendant receives a four-level enhancement if he "used or possessed any firearm or ammunition in connection with another felony offense."  U.S.S.G. § 2K2.1(b)(6)(B).  The application notes state that the enhancement applies if the firearm or ammunition "facilitated, or had the potential of facilitating, another felony offense."  *Id.* § 2K2.1(b)(6)(B), comment. (n.14(A)).  We have explained that "in connection with" should be given its ordinary and natural meaning and we have explicitly rejected a restricted interpretation of the term.  *United States v. Smith*, 480 F.3d 1277, 1280 (11th Cir. 2007) (analyzing § 2K2.1(b)(6)(B)'s prior version set forth in § 2K2.1(b)(5)(2005)).

Defendant argues that the district court erred by applying the § 2K2.1(b)(6)(B) enhancement because insufficient evidence supports the finding that he possessed a gun or that a gun was used during the robberies.  In other words, he asserts that the district court erred by finding that he committed the armed robberies.  We disagree and conclude that the Government established by a preponderance of the evidence that Defendant committed the robberies using a

7

firearm and that the ammunition facilitated or had the potential to facilitate those robberies.

The consistent description of the suspect by both robbery victims and the fact that the robberies occurred in close proximity to each other suggested that one perpetrator committed both robberies. Given the number of details linking Defendant to the robberies, the district court could infer that Defendant committed the robberies. *United States v. Chavez*, 584 F.3d 1354, 1367 (11th Cir. 2009) (indicating that a district court may make reasonable inferences so long as they are not so speculative as to be clearly erroneous). Indeed, Defendant's physical characteristics and attire matched both victims' descriptions. Officers encountered Defendant in the same general area as the robberies approximately one hour after they occurred and he fled when an officer approached him. Notably, Defendant was found in possession of ammunition that could have been used in a semiautomatic handgun. Moreover, one of the victims positively identified Defendant in a subsequent photo lineup. In short, the Government presented enough consistent information to provide a reliable and sufficient basis for the district court to find by a preponderance of the evidence that Defendant committed the two robberies using a firearm and that the ammunition facilitated or potentially facilitated those robberies. *See United States v. Askew*, 193 F.3d 1181, 1183 (11th Cir. 1999) ("It is the district court's duty to ensure that the Government carries [its]

8

burden by establishing a sufficient and reliable basis for its request for an enhancement.").

We are not persuaded by Defendant's arguments to the contrary. It is true that one of the victims was unable to identify Defendant from the photo lineup as the perpetrator. But that victim never ruled out Defendant or identified anyone else. Thus, the first victim's positive identification of Defendant has never been contradicted. Defendant also makes much of the fact that the nine-millimeter ammunition found in his possession would not have been compatible with a .40-caliber handgun, which the second robbery victim attributed to the perpetrator. However, we have previously indicated that a firearm need not be operable to warrant the four-level enhancement for possessing a firearm or ammunition in connection with another felony offense. *See United States v. Rhind*, 289 F.3d 690, 695 (11th Cir. 2002) ("We know of no requirement that the firearms be loaded or operable to meet the 'in connection with' requirement."). Moreover, as Detective Gazzier explained at the sentencing hearing, the second victim could have mistakenly identified the firearm as being 40-caliber, given that a nine-millimeter and .40-caliber weapon are both semiautomatic and have the same frame and size.

Finally, while it is true that Defendant was not found in possession of a firearm or a bicycle at the time of his arrest, the district court noted that he would have had enough time after the second robbery to abandon the weapon and bicycle.

9

In short, although Defendant identifies some conflicting evidence about his involvement, that evidence did not negate the possibility that he carried out both robberies and does not outweigh the district court's finding that it was more probable than not that he committed the robberies using a firearm and that the ammunition facilitated or had the potential to facilitate the robberies. *See Dimitrovski*, 782 F.3d at 628 ("Under the preponderance of the evidence standard, the trier of fact must find the existence of a fact is more probable than not."). Accordingly, the district court did not err by applying the four-level enhancement under § 2K2.1(b)(6)(B).

### B.    Substantive Reasonableness

We review the reasonableness of a district court's sentence for an abuse of discretion. *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014); *United States v. Sweeting*, 437 F.3d 1105, 1106–07 (11th Cir. 2006) (reviewing a sentence imposed upon revocation of supervised release for reasonableness).

When reviewing the reasonableness of a sentence, we first look to whether the district court committed any significant procedural error. *Cubero*, 754 F.3d at 892. Once we have determined that the sentence is procedurally reasonable, then we examine whether the sentence is substantively reasonable in light of the totality

of the circumstances and the 18 U.S.C. § 3553(a) factors.[3] *Id.*  The party challenging the sentence bears the burden of showing that it is unreasonable. *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008).

Defendant has not met his burden of showing that his 134-month sentence is substantively unreasonable.  The district court's imposition of the 110-month sentence as to the § 922(g) conviction was reasonable in light of the totality of the circumstances.  As noted by the district court, the sentence was necessary to address several § 3553(a) factors, including Defendant's criminal history, "the seriousness of the offense and the sentencing objectives of punishment, deterrence, and incapacitation."  *See* 18 U.S.C. § 3553(a)(1), (2).  Indeed, Defendant committed two armed robberies and possessed ammunition only three months after being released from a 70-month sentence imposed for being a felon in possession of a firearm.  Although Defendant argues that the district court assigned too much weight to his criminal history, the weight assigned to each factor is entirely within the discretion of the district court.  *See United States v. Clay*, 483 F.3d 739, 743

---

[3] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed education or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

(11th Cir. 2007) (stating that the district court has "sound discretion" when determining the weight to assign each § 3553(a) factor).

We turn next to the 24-month sentence imposed for the violation of supervised release.[4]  Revocation was mandatory based on the district court's finding that Defendant committed the armed robberies and thus necessarily possessed a firearm and ammunition.  *See* 18 U.S.C. § 3583(e), (g)(2).  Further, we have held that a district court is not required to consider § 3553(a) factors under such circumstances.  *United States v. Brown*, 224 F.3d 1237, 1241–42 (11th Cir. 2000) ("[W]hen revocation of supervised release is mandatory under 18 U.S.C. § 3583(g), the statute does not require consideration of the § 3553(a) factors." (emphasis omitted)), *abrogated in part on other grounds as recognized in United States v. Vandergrift*, 754 F.3d 1303, 1309 (11th Cir. 2014).  Even so, Defendant's 24-month sentence was supported by the § 3553(a) factors, which factors the district court discussed.  Moreover, the 24-month sentence was within the applicable statutory maximum for the underlying Class C felony—possession of a

---

[4] The Government asserts in passing that Defendant waived his right to appeal the 24-month sentence imposed upon revocation of his supervised release.  However, because the Government does not argue that the district court questioned Defendant about the sentence appeal waiver during the plea colloquy or that Defendant otherwise understood the full significance of the waiver, we address the merits of Defendant's argument.  *See United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993) (explaining that in order for an appeal waiver to be enforceable, the Government must show that (1) the district court specifically questioned the defendant about the appeal waiver, or (2) it is "manifestly clear from the record" that the defendant understood the full significance of the waiver).

firearm by a convicted felon—that resulted in Defendant's supervised release. *See* 18 U.S.C. § 3583(e)(3).

We also cannot say that the district court acted unreasonably by ordering consecutive sentences. Indeed, the imposition of consecutive sentences took into account the fact that Defendant's conduct implicated two different statutory prohibitions: a violation of the terms of his supervised release, as well as the commission of a new criminal offense. Further, the imposition of consecutive sentences was consistent with the relevant Guidelines' policy statement. *See* U.S.S.G. § 7B1.3(f) ("Any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.").

## III.    CONCLUSION

Based on the foregoing reasons, Defendant's sentence is **AFFIRMED**.