[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12620

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CAMERON D. CHANDLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 7:21-cr-00047-HL-TQL-1

_____

Before ABUDU, TJOFLAT, and ANDERSON, Circuit Judges.

PER CURIAM:

Cameron Chandler appeals his sentence of 90 months' imprisonment following his conviction for one count of possession of a firearm by a convicted felon. Chandler argues that the District Court erred in applying an enhancement for possession of a firearm in connection to another felony because the firearm was merely present when he committed the other felony. He also argues that the District Court imposed a procedurally and substantively unreasonable sentence because the sentence was greater than necessary, and the District Court failed to consider or discuss the § 3553(a) factors. Finding no error, we affirm.

**I.**

In September 2021, a federal grand jury in the Middle District of Georgia indicted Cameron Chandler on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Chandler initially pleaded not guilty to the charge but later changed his plea to guilty.

According to the presentence investigation report (the "PSR"), on November 13, 2020, loss prevention staff at a department store saw Chandler remove a bottle of cologne from a shelf and place it in his clothing. The department store notified the police; the responding officer and a loss prevention staff member approached Chandler and escorted him to the loss prevention office. The officer attempted to detain Chandler, but he actively resisted

and tried to leave the office.  After a brief struggle—which resulted in the officer and loss prevention staff member sustaining multiple scratches—Chandler was detained.  Additional officers arrived on the scene and searched Chandler.  Inside Chandler's pants, the officers found $2,795 in cash, along with a .45-caliber Glock pistol with a 30-round magazine and laser-light attachment.  Investigation revealed that the Glock was manufactured in Austria and had been reported stolen on September 3, 2020.  After these discoveries, Chandler continued to resist and the officers had to subdue him again.  After subduing Chandler, the officers continued to search him, finding two rounds of ammunition.

Chandler was then transported to the Lowndes County Jail in Valdosta, Georgia.  During booking, a corrections officer searched Chandler and found 11.89 grams of methamphetamine.  The local authorities charged Chandler with felony obstruction of an officer, possession of methamphetamine, possession of a firearm by a convicted felon, possession of a firearm during the commission of certain felonies, theft by shoplifting, and battery.

The PSR noted that, because Chandler possessed a firearm capable of accepting a large capacity magazine, and because Chandler was a prohibited person when he committed the instant offense, the base offense level was 20, pursuant to U.S.S.G. § 2K2.1(a)(4)(B).  The probation officer assessed a two-level increase under § 2K2.1(b)(4)(A) because the firearm Chandler possessed was stolen, as well as a four-level increase under § 2K2.1(b)(6)(B) because Chandler possessed the firearm in

connection with multiple felony offenses, including possession of methamphetamine and obstruction of an officer. The PSR then applied a three-level reduction for acceptance of responsibility under § 3E1.1 because he pleaded guilty. Chandler's total offense level was reported at 23.

Chandler's past criminal history included previous convictions for theft by receiving stolen property, entering an automobile, and possession of a firearm by a convicted felon. Chandler's criminal convictions resulted in a subtotal criminal history score of nine points. The PSR assessed a two-point increase pursuant to § 4A1.1(d) because Chandler committed the instant offense while under a criminal justice sentence. Chandler's total criminal history score was 11, which corresponded to a criminal history category of V.

A total offense level of 23 and a criminal history category of V correspond to a guideline imprisonment range of 84 to 105 months for the firearm possession charge. The statutory maximum term of imprisonment for possession of a firearm by a convicted felon is ten years.

Chandler objected to the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) because (1) there was no evidence that Chandler possessed the methamphetamine with an intent to distribute it as opposed to possessing it for personal use or (2) that the firearm facilitated, or had the potential to facilitate, the obstruction of the officer.

At the sentencing hearing, Chandler again raised his objection to the four-level enhancement. While acknowledging that he had a personal use quantity of methamphetamine, Chandler argued that "mere proximity to the gun" was not enough. The same applied to the felony obstruction. Possession could not just be coincidental—the possession of the firearm either had to facilitate the felony or have the potential to facilitate the felony.

The Government argued that—with respect to the felony obstruction—Chandler had the gun on him when he obstructed the officers. There was an altercation between Chandler and the officers and he could have used the gun at any time. To support this argument, the Government called Officer Jones, one of the officers who responded to the department store and attempted to detain Chandler. Officer Jones testified that when he arrived, Chandler was behaving in an unruly manner and that both the initial officer on the scene and the loss prevention officer had wounds on them.

According to Officer Jones, the firearm was in Chandler's pants and Chandler was in possession of that firearm at the time he inflicted the injuries on the officers. Officer Jones further testified that Chandler "continually reached for his pockets" and that "the firearm was in that area." The gun was not directly in Chandler's pocket but was inside his pants; for the officers to retrieve the gun they had to unbuckle Chandler's belt, unbutton his pants, and reach down his pant leg. Officer Jones testified that the gun was retrieved that way because "[w]hen you're searching somebody,

you have to use care because you don't know if they have needles or sharp objects."

Chandler reiterated that the Government had not presented sufficient evidence to support the enhancement and that the possession was coincidental—no testimony showed that he ever tried to get ahold of the gun, or that anyone on scene was even aware of it. The District Court overruled Chandler's objection, finding that Chandler could have used the gun to facilitate the crime by a preponderance of the evidence.

After resolving the objections, the District Court moved to sentencing. The Government requested the guideline range maximum of 105 months' imprisonment to protect the public and deter Chandler from reoffending. Chandler's attorney read a letter Chandler wrote, where Chandler discussed his struggles with drug addiction and mental health. He said he only had the firearm that day for protection. Chandler's attorney then discussed Chandler's mental health history with the Court, including his issues with ADHD, post-traumatic stress disorder, schizophrenia, and bipolar disorder, as well as Chandler's extensive drug history.[1] Chandler requested that the Court vary downward and impose a sentence of 70 months.

The District Court stated that it had considered the guideline range, the 18 U.S.C. § 3553(a) sentencing factors, and the facts

---

[1] Chandler also discussed this history in his sentencing memorandum, which was submitted to the Court.

presented to the Court. It sentenced Chandler to 90 months' imprisonment, followed by three years of supervised release. Chandler objected "to the reasonableness of the sentence" and maintained his objection to the four-level enhancement. He then timely appealed.

On appeal, Chandler argues (1) that the District Court erred when it applied the four-level enhancement under § 2K2.1(b)(6)(B) and (2) that the District Court imposed a procedurally and substantively unreasonable sentence. We address each argument in turn.

## II.

We review a district court's legal interpretation *de novo*, and factual findings for clear error. *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010). A determination that a defendant possessed a gun "in connection with" another felony is a factual finding that we review for clear error. *United States v. Bishop*, 940 F.3d 1242, 1250 (11th Cir. 2019). To be clearly erroneous, the district court's finding must leave this Court with a "definite and firm conviction that a mistake has been committed." *Rothenberg,* 610 F.3d at 624.

Under U.S.S.G. § 2K2.1(b)(6)(B), a four-level enhancement is warranted if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). The commentary to U.S.S.G. § 2K2.1 explains that the enhancement applies if "the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." *Id.*, § 2K2.1, cmt. 14(A). Another felony offense is generally classified as an offense which is punishable by imprisonment of more than a

year regardless of whether it results in a conviction. § 2K2.1, cmt. 14(C).

The guidelines distinguish between drug trafficking offenses and "another felony offense" for purposes of applying the enhancement. *Id.* § 2K2.1, cmt. 14(A)–(C). For drug trafficking offenses, a firearm in close proximity to the drugs warrants applying the enhancement; for all other felonies, the court must find that the firearm facilitated or had the potential to facilitate another felony offense. *Id.* § 2K2.1, cmt. 14(B)–(C). The Government bears the burden of proving, by a preponderance of the evidence, the facts necessary to support an enhancement. *United States v. Askew*, 193 F.3d 1181, 1183 (11th Cir. 1999).

In determining whether to apply the enhancement, the firearm need not directly facilitate the underlying offense for it to be possessed "in connection with" the offense. *United States v. Rhind*, 289 F.3d 690, 695 (11th Cir. 2002). But mere proximity between a firearm and drugs possessed for personal use cannot support the enhancement without a finding that the firearm facilitated, or had the potential to facilitate, the defendant's drug possession. *Bishop*, 940 F.3d at 1252.[2] Moreover, the term "in connection with" should be given its ordinary and natural meaning, and the firearm need not serve a purpose related to the crime. *United States v. Smith*, 480

---

[2] Though Chandler thoroughly argues the drug point, the District Court's finding was that Chandler could have used the firearm to obstruct the officers. In finding that the enhancement applied, the Court did not rely on the possession of methamphetamine.

F.3d 1277, 1280 (11th Cir. 2007). Specifically, the phrase "in connection with" "merely reflects the context of the defendant's possession of the firearm," and is entitled to an expansive interpretation. *Rhind*, 289 F.3d at 695 (quotation marks and brackets omitted). Further, in certain circumstances, mere possession of a firearm meets the "in connection with" requirement. *Smith*, 480 F.3d at 1280 (quoting *United States v. Jackson*, 276 F.3d 1231, 1234 (11th Cir. 2001)).

Here, the District Court did not err when it applied the four-level enhancement. The Court properly applied the requirements for "another felony offense" by determining whether the firearm facilitated or had the potential to facilitate another felony—the obstruction of the officers attempting to arrest Chandler. Although Chandler argues that the firearm was only in mere proximity to the felony and he did not attempt to use it, the record supports the District Court's determination that the firearm had the potential to facilitate the obstruction offense. The firearm and magazine were found in Chandler's pants, on his person during the struggle with officers, and officers made attempts to thwart him from reaching into his pockets. The District Court was entitled to expansively interpret Chandler's possession of the firearm and its potential to be used in connection with the felony obstruction. *See Rhind*, 289 F.3d at 295.

We cannot say we are left with a "definite and firm conviction" that the District Court erroneously found that the firearm in Chandler's possession could have facilitated the felony. *Rothenberg,*

610 F.3d at 624.  Thus, application of the enhancement was proper, and we affirm in this respect.

## III.

Turning to Chandler's other argument on appeal, we review the reasonableness of a sentence under a deferential abuse of discretion standard of review.  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007) (holding that appellate courts review all sentences, whether inside or outside the guideline range, for abuse of discretion).  When reviewing the reasonableness of a sentence, we conduct a two-step inquiry, first ensuring that there was no significant procedural error, and then examining whether the sentence was substantively reasonable.  *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009).

First, a district court commits a significant procedural error if it calculates the guidelines incorrectly, fails to consider the § 3553(a) factors, bases the sentence on clearly erroneous facts, neglects to explain the sentence, or treats the guidelines as mandatory rather than advisory.  *United States v. Hill*, 643 F.3d 807, 879 (11th Cir. 2011).  The District Court must consider the § 3553(a) factors, but it need not state on the record that it has explicitly considered each of the factors or discuss each factor individually.  *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013).  An acknowledgment by the court that it considered the § 3553(a) factors is sufficient.  *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007).

When explaining a sentence, the district court must "set forth enough to satisfy the appellate court that he has considered

the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007). Similarly, a sentence within the guidelines range does not necessarily require a lengthy explanation, and failure to discuss mitigating evidence does not indicate that the court "erroneously 'ignored' or failed to consider this evidence." *Id.*; *see also United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007).

If the sentence is procedurally reasonable, we then examine whether it is substantively reasonable by considering the totality of the circumstances. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2).

The weight due each § 3553(a) factor lies within the district court's sound discretion, and this Court will not substitute its judgment for that of the district court. *United States v. Joseph*, 978 F.3d 1251, 1266 (11th Cir. 2020). Still, a district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *Kuhlman*, 711 F.3d at 1326–27.

Nevertheless, a district court may reasonably attach great weight to a single factor. *Id*. at 1327.

Finally, a district court's decision not to grant a downward variance alone does not demonstrate that the district court failed to afford consideration to mitigating factors. *United States v. Lebowitz*, 676 F.3d 1000, 1016 (11th Cir. 2012) (per curiam). An indicator of a reasonable sentence is one that is imposed at the bottom of the advisory guideline range and is substantially below the statutory maximum sentence. *United States v. Carpenter*, 803 F.3d 1224, 1234 (11th Cir. 2015). The party challenging the sentence bears the burden of showing that the sentence is unreasonable considering the record, the § 3553(a) factors, and the substantial deference afforded sentencing courts. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

Here, Chandler fails to show the District Court abused its discretion when it imposed a sentence within and at the low end of his guideline range. First, his sentence is procedurally reasonable. As already discussed, the District Court correctly calculated the guideline range, including the four-level enhancement. The District Court explicitly stated it considered the § 3553(a) factors, the advisory sentencing range, and made an individualized assessment based upon the facts presented at sentencing. Additionally, the District Court reviewed the PSR, which included all relevant details of Chandler's mitigation factors, and it heard Chandler and his counsel's in-court statements related to his mitigating circumstances. Thus, his sentence was procedurally reasonable.

Similarly, Chandler fails to show that the sentence is substantively unreasonable considering the record and the § 3553(a) factors. The District Court reviewed evidence surrounding Chandler's mitigating circumstances; the mere fact that the Court declined to vary downward does not show that it impermissibly overlooked that mitigating evidence. Further, Chandler's 90-month sentence is near the bottom of the advisory guideline range of 84–105 months and was well below the statutory maximum sentence, indicating reasonableness. Accordingly, his sentence was substantively reasonable, and we affirm in this respect as well.

**AFFIRMED.**